

NUMBER 13-13-00104-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

COLUMBIA RIO GRANDE
HEALTH CARE, L.P., D/B/A
RIO GRANDE REGIONAL
HOSPITAL (MISNAMED AS
RIO GRANDE REGIONAL
HOSPITAL, INC.),                                          Appellant,

v.

LEE EDWARD OLDHAM,                                        Appellee.

On appeal from the 139th District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

Before Justices Rodriguez, Benavides, and Longoria
Memorandum Opinion by Justice Longoria

Appellant, Columbia Rio Grande Healthcare, L.P. d/b/a Rio Grande Regional Hospital, Inc. (the "Hospital"), appeals the trial court's denial of its motion to dismiss a suit filed by appellee, Lee Edward Oldham. We reverse and remand.

## I. BACKGROUND

Oldham sued the Hospital for injuries he sustained when he fell from a bed while being treated as a patient of the Hospital. Oldham alleged that he "was injured while exclusively in [the] Hospital's care and while prescribed medication by agents of [the] Hospital." Oldham also alleged that the Hospital was negligent for, among other things, "[f]ailing to give proper medical care to Plaintiff while in the safekeeping of [the] Hospital" and failing to "provide proper and adequate warnings regarding the drug Dilantin."

The Hospital answered the suit and filed a motion to dismiss, asserting that (1) Oldham had filed a "health care liability claim" subject to the provisions of Chapter 74 of the Texas Civil Practice and Remedies Code, known as the Texas Medical Liability Act ("TMLA"), *see* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13) (West Supp. 2011); (2) Oldham had failed to serve an expert report within 120 days of filing suit, as required by section 74.351(a), *see id.* § 74.351(a) (West 2011); and (3) the trial court was therefore required to dismiss Oldham's suit with prejudice and award the Hospital reasonable attorney's fees and court costs. *See id.* § 74.351(b)(1). The trial court denied the motion. This interlocutory appeal ensued. *See id.* § 51.014(a)(10) (West 2011).

## II. ANALYSIS

In one issue, the Hospital argues that the trial court erred in denying its motion to dismiss.

### A. Standard of Review

"We generally review a trial court's order granting or denying a motion to dismiss filed under section 74.351 under an abuse of discretion standard." *Hendrick Med. Ctr. v. Tex. Podiatric Med. Ass'n*, 392 S.W.3d 294, 296–97 (Tex. App.—Eastland 2012, no pet.). "However, when the issue, as in this case, involves the applicability of Chapter 74 to the plaintiff's claims and requires an interpretation of the statute, we apply a de novo standard of review." *Id.* at 297.

### B. Applicable Law

The TMLA applies to suits involving a "heath care liability claim," which consists of three basic elements:

> (1) a physician or health care provider must be a defendant; (2) the claim or claims at issue must concern treatment, lack of treatment, or a departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care; and (3) the defendant's act or omission complained of must proximately cause the injury to the claimant.

*Tex. W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 179–80 (Tex. 2012) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13)).

### C. Discussion

In this case, all three elements are met. The first element is met because the Hospital is a health care provider. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(11)(G) & (12)(A)(vii). The second element is met because Oldham's allegations that the Hospital was negligent in "[f]ailing to give proper medical care to

3

Plaintiff while in the safekeeping of [the] Hospital" and failing to "provide proper and adequate warnings regarding the drug Dilantin" concern claimed departures from accepted standards of medical care and health care. *See id.* § 74.001(a)(13); *Buchanan v. O'Donnell*, 340 S.W.3d 805. 811 (Tex. App.—San Antonio 2001, no pet.) (holding that allegations that health care provider was negligent in failing to warn patient about dangers of prescription medication was "inseparable from . . . rendering of (or failure to render) medical care"). Finally, the third element is met because Oldham has alleged that the Hospital's negligence proximately caused his injuries. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13). Therefore, Oldham has filed a health care liability claim subject to the TMLA. *See id.*

Oldham failed to serve an expert report as required by section 74.351(a). *See id.* § 74.351(a). Therefore, we reverse the trial court's order denying the Hospital's motion to dismiss Oldham's claims. Furthermore, because the Hospital requested its attorney's fees and costs pursuant to Texas Civil Practice and Remedies Code section 74.351(b)(1), we remand to the trial court with instructions to dismiss Oldham's claims against the Hospital and consider the Hospital's request for attorney's fees and costs. *See id.* § 74.351(b)(1).

The Hospital's sole issue is sustained.

## III. CONCLUSION

The order of the trial court is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

_____
NORA L. LONGORIA
Justice

Delivered and filed the
8th day of August, 2013.